**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**JESSE H. GARCIA, TISHA GARCIA, individually
and as parents and next friends of BARBARA GARCIA,
a minor,**

      **Plaintiffs,**

**v.**                                                                        **Case No. 1:16-cv-00172**

**GEICO GENERAL INSURANCE COMPANY,
A foreign corporation doing business in the
State of New Mexico,**

      **Defendant.**

## <u>NOTICE OF REMOVAL</u>

Defendant GEICO General Insurance Company, (hereinafter "GEICO") by and through its counsel of record, Chapman and Charlebois, P.C., (Donna L. Chapman and Mark D. Trujillo), hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and in support thereof, states as follows:

1.    Plaintiffs Jesse H. Garcia, Tisha Garcia and Barbara Garcia ("Plaintiffs") filed their Complaint for Personal Injury ("Complaint") in the First Judicial District, Rio Arriba County, State of New Mexico, in Cause No. D-117-CV-2016-00030 (hereinafter "State Court Action") on January 28, 2016.  (*See* Plaintiffs' Complaint, attached hereto as Exhibit A).

2.    In their Complaint, Plaintiffs allege they are residents of the State of New Mexico. (*Id.* at ¶ 1).

3.    Plaintiffs named GEICO, as the only Defendant in Plaintiffs' Complaint.

4.    GEICO asserts it is incorporated and its principal place of business is in the state of Maryland.

5.    Diversity of citizenship is present in this matter as set forth in 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(b)(2).

6.    GEICO accepted service through the Superintendent of Insurance on February 11, 2016.  (*See* Exhibit B).

7.    Less than thirty (30) days have passed since GEICO accepted service of the initial pleadings on this matter.

8.    As GEICO has accepted service and is the only Defendant served in this matter, 28 U.S.C. § 1446(b)(2)(A) is satisfied.  (*See* Register of Actions for the State Court Action, hereto attached as Exhibit C).

9.    Pursuant to Plaintiffs' allegations, the amount in controversy exceeds $75,000, as set forth in 28 U.S.C. §§ 1441(b)(2).

10.    Pursuant to the attached documentation from Plaintiffs' counsel, dated March 30, 2015, the amount in controversy exceeds the jurisdictional amount of $75,000. *See also*, *Hanna v. Miller*, 163 F.Supp. 2d 1302, 1305-06 (D.N.M. 2001). (*See* Demand letters from Plaintiff's counsel dated March 30, 2015, and April 16, 2015, hereto attached as Exhibit D.)

11.    This case may be removed to this Court by GEICO pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1446.

12.    By and through this Notice of Removal, GEICO removes all claims asserted against it on the basis of diversity jurisdiction, which is conferred upon this Court pursuant to 28 U.S.C. §§ 1332 and 1441.

13.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being concurrently served upon the Plaintiffs on this date.

14.    Pursuant to 28 U.S.C. § 1446(d), GEICO is concurrently filing a Notice of Filing of Removal in the State Court Action, a copy of which is hereto attached as Exhibit E.

15.    In addition to the Notice of Filing Notice of Removal in the State Court Action, GEICO is concurrently filing an Entry of Appearance in the State Court Action on this date, a copy of which is hereto attached as Exhibit F.

16.    Pursuant to 28 U.S.C. § 1446(a) and D.N.M.LR-Civ. 81.1(a), all process, pleadings, and orders from the State Court Action will be filed with this Court in a separate Transmittal of State Court Record within twenty-eight days (28) of this Notice.

17.    A Civil Cover Sheet for this Court is hereto attached as Exhibit G.

WHEREFORE, the removing Defendant gives notice the above-styled action, which was pending in the First Judicial District, Rio Arriba County, State of New Mexico, as Cause No. D-117-CV-2016-00030 is removed to this Court.

Respectfully submitted,

**CHAPMAN AND CHARLEBOIS, P.C.**

_**/s/ Mark D. Trujillo, Attorney at Law**_
Donna L. Chapman
Mark D. Trujillo
P.O. Box 92438
Albuquerque, NM 87199
505-242-6000
donna@cclawnm.com
mark@cclawnm.com
_Attorneys for Defendant GEICO_

I HEREBY CERTIFY that on the ___ day of March, 2016, I filed the foregoing electronically through the CM/ECF system, which caused the following counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing to the following counsel of record:

Matthew J. O'Neill
Whitener Law Firm
4110 Cutler Ave. NE
Albuquerque, NM 87110
505-242-333


*/s/ Mark D. Trujillo, Attorney at Law*
Mark D. Trujillo

FILED IN MY OFFICE
DISTRICT COURT CLERK
1/28/2016 4:47:40 PM
STEPHEN T. PACHECO
Angelica Gonzalez

STATE OF NEW MEXICO
COUNTY OF RIO ARRIBA
FIRST JUDICIAL DISTRICT COURT

JESSE H. GARCIA, TISHA GARCIA, individually
and as parents and next friends of BARBARA GARCIA, a minor,

      **Plaintiffs,**

vs.                      NO.    D-117-CV-2016-00030

                                            Case assigned to Attrep, Jennifer L.

GEICO GENERAL INSURANCE COMPANY, a foreign corporation
Doing business in the State of New Mexico,

      **Defendant.**

## COMPLAINT FOR PERSONAL INJURY, UNINSURED/UNDERINSURED MOTORIST BENEFITS AND PUNITIVE DAMAGES

      COME NOW Plaintiffs, by and through their attorneys, Whitener Law Firm, P.A., and for his

Complaint for Personal Injury, Punitive Damages and Uninsured/Underinsured Motorist Benefits

states:

### I.     PARTIES JURISDICTION AND VENUE

     1.     Plaintiffs reside in the County of Rio Arriba, State of New Mexico.

     2.     Defendant Geico General Insurance Company (hereinafter "Geico") is a foreign

corporation doing business in Rio Arriba, State of New Mexico.

     3.     On or about December 7, 2013, Plaintiffs had in force, a policy of insurance with

Defendant Geico that provided uninsured/underinsured motorist benefits.

     4.     Upon information and belief, Defendant Henrard was insured by Defendant

Progressive at the time of the automobile accident that occurred in this complaint.

     5.     The events which form the subject matter of this Complaint occurred in the County of

Bernalillo, State of New Mexico.

1



6.      This court has jurisdiction over the parties and the subject matter herein, and venue is properly laid in Rio Arriba County, State of New Mexico.

## II.      GENERAL ALLEGATIONS AND NEGLIGENCE

7.      Plaintiffs reallege and incorporate paragraphs 1-8 as if set forth fully herein.

8.      On or about December 7, 2013, Plaintiff Tisha Garcia, along with passengers, Jesse H. Garcia and Barbara Garcia, was driving her vehicle northbound on Louisiana Boulevard and stopped at a red light at the intersection of Menaul.

9.      On or about December 7, 2013, Underinsured Motorist Sylvia Henrard ("hereinafter Henrard) was operating a vehicle northbound on Louisiana.

10.     Henrard failed to stop for traffic in front of her and collided into the vehicle behind the Plaintiffs' Vehicle.

11.     The impact of the collision caused the vehicle in front of Henrard to collide into Plaintiffs' vehicle.

12.     Defendant Henrard had a duty to drive the vehicle she was operating in a safe, careful and prudent manner.

13.     In violation of her duty, Defendant Henrard drove the vehicle she was operating in an unsafe, imprudent and/or careless manner.

14.     In violation of her duties, Defendant Henrard was negligent by committing one, or more than one, or all, of the following acts or omissions:

> Driver inattention;
>
> Failing to keep a proper lookout;
>
> Following too closely;
>
> Failing to keep a vehicle under control;

2

Driving recklessly;

Driving under the influence;

Failure to operate a vehicle in a safe and reasonable manner;

Driving a vehicle in a careless manner;

Driving a vehicle in violation of existing statutes and ordinances.

15.     As a direct and proximate result of Underinsured Motorist Henrard's negligence conduct, Plaintiffs have or will sustain damages including, but not limited to: past and future medical expenses; past and future pain and suffering; past and future lost wages; pre and post judgment interest; and/or costs.

### III.     DRIVING UNDER THE INFLUENCE OF ALCOHOL, RECKLESS DRIVING AND PUNITIVE DAMAGES

16.     Plaintiffs realleges and incorporates paragraphs 1-15 as if set forth fully herein.

17.     On or about December 7, 2013, at the time of the accident, Henrard drove her vehicle in a reckless manner in violation of New Mexico Law.

18.     On or about December 7, 2013, at the time of the accident, Henrard drove her vehicle while under the influence of alcohol in violation of New Mexico Law.

19.     Henrard drove her vehicle carelessly and/or heedlessly in willful or wanton disregard of the rights and/or safety of others and without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property.

20.     As a direct result of Henrard operating her vehicle in a reckless manner and/or under the influence, she caused her vehicle to collide with the vehicle in front of her to collide with the vehicle of Plaintiffs.

21.     As a direct result of Henrard operating her vehicle carelessly and/or heedlessly in

3

willful or wanton disregard of the rights or safety of others and without due caution and/or circumspection and/or at a speed or in a manner so as to endanger or be likely to endanger any person or property, she did cause her vehicle to collide with into the rear of the vehicle in front of her and cause that vehicle to collide with the vehicle of Plaintiffs.

22.     As a direct and proximate result of Henrard's willful, wonton and reckless conduct, Plaintiffs have sustained, or will sustain, damages which include, but are not limited to past and future medical expenses; past and future pain and suffering; past and future lost wages; and pre and post judgment interest; and/or costs.

23.     Plaintiffs pray for punitive damages as a result of Henrard's above described reckless, willful and wonton conduct and/or the intentional doing of an act with utter indifference to the consequences.

24.     Plaintiffs seek punitive damages for the purpose of punishing Henrard and to deter others from the commission of like offenses.

25.     As a direct and proximate result of Henrard's negligence conduct, Plaintiffs have or will sustain damages including, but not limited to: past and future medical expenses; past and future pain and suffering; past and future lost wages; pre and post judgment interest; and/or costs.

### IV.     UNINSURED / UNDERINSURED MOTORIST CLAIMS

26.     Plaintiffs realleges and incorporates paragraphs 1-25 as if set forth fully herein.

27.     At all relevant times, Plaintiffs' had, in force a policy of insurance with Defendant Geico that provided for uninsured and underinsured motorist benefits to Plaintiffs.

28.     At all times pertinent hereto, underinsured motorist Henrard was an uninsured/underinsured motorist as defined by New Mexico Law and pursuant to the policy of insurance with Defendant Geico.

4

29.     As a result of underinsured Henrard' underinsured status, the laws of the State of New Mexico, the insurance contract made in New Mexico between Defendant Geico and Plaintiffs, Plaintiffs' are entitled to recover all of the above described damages incurred as a result of the above described automobile accident from Defendant Geico under the Underinsured Motorist Coverage of the aforementioned policy.

30.     Defendant Geico should be directed to pay Plaintiffs for all the above described compensatory and punitive damages with only an offset for the amount paid by Defendant Progressive Direct Insurance Company under the policy held by the tortfeasor.

31.     Defendant Geico consented to Plaintiffs' settlement with Defendant Progressive Direct Insurance and tortfeasor Henrard.

32.     Pursuant to New Mexico Law Defendant Geico steps into the shoes of Henrard for purposes of all claims that could have been made against Henrard and is, for all intents and purposes, Henrard.

WHEREFORE, Plaintiffs respectfully request a reasonable award of damages and an award of punitive damages in an amount to be proven at trial and such other and further relief as the Court deems just and proper.

Respectfully submitted:

WHITENER LAW FIRM, P.A.


Matthew J. O'Neill
*Attorneys for Plaintiffs*
4110 Cutler Ave. NE
Albuquerque, NM 87110
(505) 242-3333

5

STATE OF NEW MEXICO
**OFFICE OF SUPERINTENDENT OF INSURANCE**
Mailing Address: P.O. Box 1689, Santa Fe, NM  87504-1689
Physical Address: 1120 Paseo de Peralta, Room 428, Santa Fe, NM  87501
Main Phone: (505) 827-4601; Main Fax (505) 827-4734; Toll Free: 1-855-4-ASK-OSI
www.osi.state.nm.us

**SUPERINTENDENT OF**
**INSURANCE**
John G. Franchini – (505) 827-4299

**Service of Process**
Room 434
(505) 827-1291

**ACTING DEPUTY**
**SUPERINTENDENT**
Alan Seeley – (505) 827-4307

February 11, 2016

GEICO General Insurance Co.
Legal Dept. - Gregory S. Jacobi.
4201 Spring Valley Rd.
Dallas, TX 75244

Re: Jesse H. Garcia, Tisha Garcia, individually and a parents and next friends of Barbara Garcia, a minor Vs GEICO General Insurance Company, a foreign company doing business in the State of New Mexico,
D117CV2016-00030

Dear Mr. President:

In accordance with the provisions of NMSA 1978, Sections 59A-5-31 & 59A-32, enclosed is a copy of a Summons, Complaint for Personal Injury, Uninsured/Underinsured Motorist Benefits and Punitive Damages, Certificate of Service and Plaintiff's First Set of Interrogatories to GEICO General Insurance Company, to Defendant GEICO General Insurance Company in the State of New Mexico on the above styled cause. Service has been accepted on your behalf as of February 11, 2016.

Respectfully,

John G. Franchini, Superintendent

Enclosure
CERTIFIED MAIL  7012 3460 0000 1399 5365



EXHIBIT
B

Skip to Main Content  Logout  My Account  Search Menu  New Civil Probate Family Search  Refine Search  Back   Location : Rio Arriba County   Images  Help

# REGISTER OF ACTIONS
## CASE NO. D-117-CV-2016-00030

| | | |
|---|---|---|
| Jesse H Garcia, et. al., v. Geico General Insurance Company | §<br>§<br>§<br>§<br>§<br>§ | Case Type: **Tort Auto**<br>Date Filed: **01/28/2016**<br>Location: **Rio Arriba County**<br>Judicial Officer: **Attrep, Jennifer L.** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | Geico General Insurance Company | |
| **Plaintiff** | Garcia, Barbara | Matthew J. O'Neill<br>*Retained*<br>505-242-3333(W) |
| **Plaintiff** | Garcia, Jesse H | Matthew J. O'Neill<br>*Retained*<br>505-242-3333(W) |
| **Plaintiff** | Garcia, Tisha | Matthew J. O'Neill<br>*Retained*<br>505-242-3333(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 01/28/2016 | **Cause Of Actions**<br>Action Type | Minor Settlement<br>Action |
| 01/28/2016 | **OPN: COMPLAINT**<br>*For Pesonal Injury Uninsured/Underinsured Mortorist Benefits and Punitive Damages* | |
| 02/04/2016 | **SUMMONS ISSUED**<br>*Summons.Geico* | |
| 03/04/2016 | **ACCEPTANCE OF SERVICE**<br>*Acceptance of Service* | |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **Plaintiff** Garcia, Jesse H<br>Total Financial Assessment<br>Total Payments and Credits<br>**Balance Due as of 03/09/2016** | | 132.00<br>132.00<br>**0.00** |
| 01/29/2016<br>01/29/2016 | Transaction Assessment<br>File & Serve Payment    Receipt # TAMD-2016-45 | Garcia, Jesse H | 132.00<br>(132.00) |



04 06 15





Russell K. Whitener (1948-2013)

Thomas M Allison | Matthew J O'Neill

Richard W. Sutten | Daniel P Buttram | Nicholas J Rimmer

March 30, 2015

GEICO Insurance
**Attn: Rebekah Preston**
P.O. Box 509105
San Diego, CA  92150-9930

| | | |
|---|---|---|
| RE: | My Client: | **Tisha Garcia** |
| | Date of Loss: | **12/07/13** |
| | Claim No: | **021900862-0101-055** |
| | Your insured: | **Tisha Garcia** |

Dear Ms. Preston:

Enclosed please find a settlement package that addresses the liability, physical injuries, and damages in the above-captioned matter.  This material is being submitted for settlement discussion purposes only regarding the underinsured motorist bodily injury claim of Tisha Garcia (hereinafter "Tisha") and may not be used for any other purpose.  **We are requesting written permission from you to accept a policy limits offer from Progressive Insurance.**

## I.  LIABILITY

This is a clear case of liability against the underinsured motorist Sylvia Henrard (hereinafter "Henrard").  The collision occurred on December 7, 2013 at the intersection of Louisiana Boulevard and Menaul Boulevard in Albuquerque, New Mexico.  Tisha was a restrained driver who was traveling northbound on Louisiana Boulevard.  Tisha was the first car in line stopped for the red light at the intersection, when Henrard, who was also traveling northbound on Louisiana Boulevard, failed to stop for the traffic in front of her colliding into the rear of the vehicle in front of her.  The impact of the collision caused the vehicle in front of Henrard to strike into Tisha's vehicle.  Henrard immediately admitted to the police officer on scene that she had consumed two alcoholic beverages.  The contributing factors to this collision were Henrard's failure to avoid contact with the other vehicles, failure to yield the right of way, and driving under the influence of alcohol.  Henrard was arrested and booked for Driving While Intoxicated.  An Albuquerque Police Department Uniform Crash Report and a Supplemental DWI Report have been enclosed for your review.

## II.   INJURIES AND TREATMENT

On December 10, 2013, Tisha presented to nurse practitioner, Tanya Gallegos, with Presbyterian Espanola Clinic with complaints of neck and back pain.  Tisha advised that her back pain radiated to her left hip and that she had been taking Ibuprofen.  Examination revealed tenderness to her bilateral paraspinal muscles in her back and spinal tenderness at C3-C4 with paraspinal muscle tenderness, and paraspinal spasms throughout her neck and back.  Radiographs of Tisha's cervical spine were ordered.  Tisha was diagnosed with a cervical neck sprain and lumbago.



EXHIBIT

04 06 15

Tisha was given a prescription for cyclobenzaprine and she was advised to return to the clinic in two to three days with worsening or no improvement of her symptoms. Tisha was instructed to increase her fluid intake, rest, take Tylenol or Motrin for her pain, and to apply heat to her neck and back.

On December 10, 2013, Tisha presented to Presbyterian Espanola Hospital for radiographs of her cervical spine to be completed.

Tisha presented to Dr. Vidya Subramanian with Presbyterian Espanola Clinic on January 3, 2014 for a follow up appointment of her neck and back pain. Examination revealed paravertebral muscle spasms in the cervical region. Tisha was diagnosed with cervicalgia and an MRI of her cervical spine was ordered. Tisha was given a prescription for Neurontin and she was instructed to rest and to apply ice to her areas of pain as needed. Tisha was further instructed to perform back strengthening exercises and to follow up with the clinic in one month.

As ordered, Tisha presented to Presbyterian Espanola Hospital on February 26, 2014 for an MRI of her cervical spine to be completed. **Results revealed slight bulging of the C5-6 interspace without cord compression.**

On March 5, 2014, Tisha returned to Dr. Subramanian for an evaluation of her chronic neck problems which included pain in her right trapezius area. Examination revealed bilateral trapezius spasms in the cervical region the right side greater than the left side. Dr. Subramanian recommended a trigger point injection and Tisha was referred to physical therapy. Dr. Subramanian discussed in detail the trigger point injection procedure with Tisha and she signed a consent to proceed with the injection. **After sterile prep of the skin area, a trigger point injection was performed at the site of maximal tenderness on the right trapezius using 1% Lidocaine and Kenalog. The procedure was repeated on the opposite side.** Tisha tolerated the procedure well and stated she had modest relief of pain immediately. Tisha was advised to start physical therapy and to follow up with the clinic in four weeks or sooner if needed.

Tisha returned to Dr. Subramanian on May 16, 2014 for a follow up appointment of her chronic neck pain and she was requesting a trigger point injection. Tisha advised that she had not started physical therapy. Examination revealed bilateral trapezius spasms in the cervical region the right side greater than the left side. **After sterile prep of the skin area, a trigger point injection was performed at the site of maximal tenderness on the right trapezius using 1% Lidocaine and Kenalog. The procedure was repeated on the opposite side.** Tisha tolerated the procedure well and stated she had modest relief of pain immediately. Tisha was advised to start physical therapy and to follow up with the clinic in four weeks or sooner if needed.

### III.     MEDICAL EXPENSES / DAMAGES

As a result of injuries arising out of the accident, Tisha has incurred conservative medical expenses in the amount of Five Thousand Five Hundred Eighty Dollars and 50/100 ($5,580.50). A medical summary, as well as all medical bills, notes, and narrative reports are enclosed.

04 06 15

#### IV.    LOST WAGES/OUT OF POCKET

At the time of the accident, Tisha was employed by Presbyterian Espanola Hospital. Due to the injuries sustained in the accident, Tisha was unable to work for 36 hours. At the time she earned Twenty Seven Dollars and 32/100 ($27.32) per hour. According to my calculations, Tisha has lost wages in the amount of Nine Hundred Eighty Three Dollars and 52/100 ($983.52).

**Accordingly, this brings Tisha's special damages to a total amount of Six Thousand Five Hundred Sixty Four Dollars and 02/100 ($6,564.02).**

#### V.    PUNITIVE DAMAGES

As stated previously, Henrard was charged and arrested for driving while intoxicated. It is black-letter law in New Mexico that driving while intoxicated is a sufficient basis for imposing punitive damages see *Sanchez v. Wiley, 124 N.M. 47 (Ct. App. 1997)*. A jury in Bernalillo County will be particularly outraged by Henrard's behavior given our state's continuing problems related to drunk drivers.

Punitive damages are often calculated in multiples of the base damages. Here, Henrard's conduct was particularly egregious. The legal limit for a presumption of impairment is .08. However, Henrard was at a .23 at the time of the crash. Since he was 3x the legal limits for, the multipliers of the compensatory damages for driving under the influence of alcohol or drugs should be a factor of 3 and therefore a 3x multiplier.

New Mexico's Supreme Court also guides us in calculating punitive damages. In economic injury cases, if damages are significant and injury is not hard to detect, the ratio of punitive damages to harm generally should not exceed ten to one; however, in a case where injury is difficult to quantify a disparity in the ratio can be larger to satisfy the injury *Weidler v Big J Enterprises, Inc., 124 N.M.591 (1997)*. Punitive Damages are designed to punish the driver for her conduct and to deter others from similar conduct. We believe the punitive damages Tisha is entitled to receive in this case to be significant.

*If you are denying coverage for punitive damages in this matter pursuant to the insurance policy, then please state this in writing and we will review the assets of your insured.*

#### IV.    CONCLUSION

Given the above and full consideration of all losses incurred, Tisha asks that you tender an offer of policy limits to resolve her underinsured motorist bodily injury and lost wages claims. While Tisha has not authorized my office to accept an offer of policy limits, she is willing to entertain such an offer.

04 06 15

We would appreciate your review of the enclosed material and that you contact us at your earliest convenience to discuss settling this case without the necessity of litigation, additional costs, and attorneys' fees.  Thank you for your attention to this matter.

Very truly yours,

WHITENER LAW FIRM, P.A.

Matthew J. O'Neill, Esq.

MJO/rr
Enclosure

04 01 15




# Whitener
### LAW FIRM, P.A.

Russell K. Whitener (1948-2013)

Thomas M. Allison | Matthew J. O'Neill

Richard W. Sutten | Daniel P. Buttram | Nicholas J. Rimmer

March 30, 2015

GEICO Insurance
*Attn: Rebekah Preston*
P.O. Box 509105
San Diego, CA  92150-9930

| | | |
|---|---|---|
| RE: | My Client: | Jesse H. Garcia |
| | Date of Loss: | 12/07/13 |
| | Claim No: | 021900862-0101-055 |
| | Your insured: | Tisha Garcia |

Dear Ms. Preston:

Enclosed please find a settlement package that addresses the liability, physical injuries, and damages in the above-captioned matter.  This material is being submitted for settlement discussion purposes only regarding the underinsured motorist bodily injury claim of Jesse H. Garcia (hereinafter "Jesse") and may not be used for any other purpose.  **We are requesting written permission from you to accept a policy limits offer from Progressive Insurance.**

## I.   LIABILITY

This is a clear case of liability against the underinsured motorist Sylvia Henrard (hereinafter "Henrard").  The collision occurred on December 7, 2013 at the intersection of Louisiana Boulevard and Menaul Boulevard in Albuquerque, New Mexico.  Jesse was a restrained passenger in the vehicle driven by his spouse, Tisha Garcia (hereinafter "Tisha"), who was traveling northbound on Louisiana Boulevard.  Tisha was the first car in line stopped for the red light at the intersection when Henrard, who was also traveling northbound on Louisiana Boulevard, failed to stop for the traffic in front of her colliding into the rear of the vehicle in front of her.  The impact of the collision caused the vehicle in front of Henrard to collide into Tisha's vehicle.  Henrard immediately admitted to the police officer on scene that she had consumed two alcoholic beverages.  The contributing factors to this collision were Henrard's failure to avoid contact with the other vehicles, failure to yield the right of way, and driving under the influence of alcohol.  Henrard was arrested and booked for Driving While Intoxicated.  An Albuquerque Police Department Uniform Crash Report and a Supplemental DWI Report have been enclosed for your review.

## II.   INJURIES AND TREATMENT

On December 10, 2013, Jesse presented to nurse practitioner, Tanya Gallegos, with Presbyterian Espanola Family Practice with complaints of right-sided neck pain and stiffness.  Jesse advised that his neck pain radiated into his shoulders and collar bone.  Examination revealed tenderness upon palpation and muscle spasms in his right trapezius  Jesse was diagnosed with a cervical muscle strain and trapezius muscle spasms.  Jesse was prescribed cyclobenzaprine for pain

management.   Jesse was also instructed to increase his fluid intake, rest, apply heat to his areas of pain, and to perform neck stretches.   Jesse was advised to return to the clinic should his symptoms worsen or fail to improve.

On December 27, 2013, Jesse presented to Dr. Vidya Subramanian with Presbyterian Espanola Family Practice for a follow up examination of his neck pain.  Examination revealed trapezius muscle spasms present in the cervical region on the right side of his neck.  Dr. Subramanian discussed various management options with Jesse including imaging studies, pain medications, spine injections, and pain clinic referrals.  Radiographs of Jesse's cervical spine were ordered and he was advised to follow up with the clinic in one month.

Pursuant to Dr. Subramanian's referral, Jesse presented to Presbyterian Espanola Hospital Radiology Department on December 27, 2013 for radiographs of his cervical spine to be completed.

Jesse returned to Dr. Subramanian on February 28, 2014 for a follow up appointment of his neck pain.  Jesse reported a modest improvement in his neck pain and he advised that his symptoms had not fully resolved.  Jesse complained of dull and achy pain located in his left trapezius area. Examination revealed a small degree of trapezius muscle spasms present in the cervical region on the right side of his neck.  Jesse was diagnosed with cervicalgia and he was given a referral for physical therapy.   Jesse was instructed to discontinue the cyclobenzaprine and he was switched to Neurontin as needed.  Jesse was advised to follow up with the clinic in two months.

On March 24, 2014, Jesse returned to Dr. Subramanian for a follow up appointment of his neck pain.  Examination revealed trapezius muscle spasms in the cervical region which was greater on the right side than the left side.  A trigger point injection was ordered and Jesse's Neurontin medication was increased to two times a day as tolerated.  **After sterile prep of the skin area, a trigger point injection was performed at the site of Jesse's maximal tenderness in the right trapezius muscle using 1% plain Lidocaine and Kenalog.  The same procedure was repeated of Jesse's left trapezius muscle.**  Jesse tolerated the injections well and he was instructed to call or return to the clinic as needed.

Jesse returned to Dr. Subramanian on April 28, 2014 for a follow up appointment of his neck pain.  Jesse advised that he was scheduled to start physical therapy and that he had modest relief with the trigger point injection he received during the last visit.

Pursuant to Dr. Subramanian's referral, Jesse presented to Physical Therapy Plus on May 15, 2014 for an evaluation and treatment of his cervicalgia and trapezius muscle spasms.  Jesse advised that he bought a TENS unit and he used it for one week without any relief.  Examination revealed limited range of motion in his neck and pain in his lateral shoulder, right periscapular, mid back, low mid back, acromioclavicular joint, levator, clavicle, sternum attachment of clavicle, and side of neck.  Jesse's plan of treatment was scheduled for twice a week for six weeks and his treatment consisted of manual therapy and therapeutic exercises.  Jesse attended

04 01 15

seven treatment sessions with Physical Therapy Plus and his last appointment was on June 10, 2014.

### III.   MEDICAL EXPENSES / DAMAGES

As a result of injuries arising out of the accident, Jesse has incurred conservative medical expenses in the amount of Three Thousand Eight Hundred Thirteen Dollars and 00/100 ($3,813.00).  A medical summary, as well as all medical bills, notes, and narrative reports are enclosed.

### IV.   LOST WAGES/OUT OF POCKET

At the time of the accident, Jesse was employed by Los Alamos National Labs. Due to the injuries sustained in the accident, Jesse was unable to work for 22 hours.  At the time he earned Twenty One Dollars and 31/100 ($21.31) per hour.  According to my calculations, Jesse has lost wages in the amount of Four Hundred Sixty Eight Dollars and 82/100 ($468.82).

**Accordingly, this brings Jesse's special damages to a total amount of Four Thousand Two Hundred Eighty One Dollars and 82/100 ($4,281.82).**

### V.   PUNITIVE DAMAGES

As stated previously, Henrard was charged and arrested for driving while intoxicated.  It is black-letter law in New Mexico that driving while intoxicated is a sufficient basis for imposing punitive damages see *Sanchez v. Wiley, 124 N.M. 47 (Ct. App. 1997)*.  A jury in Bernalillo County will be particularly outraged by Henrard's behavior given our state's continuing problems related to drunk drivers.

Punitive damages are often calculated in multiples of the base damages.  Here, Henrard's conduct was particularly egregious.  The legal limit for a presumption of impairment is .08.  However, Henrard was at a .23 at the time of the crash.  Since he was 3x the legal limits for, the multipliers of the compensatory damages for driving under the influence of alcohol or drugs should be a factor of 3 and therefore a 3x multiplier.

New Mexico's Supreme Court also guides us in calculating punitive damages.  In economic injury cases, if damages are significant and injury is not hard to detect, the ratio of punitive damages to harm generally should not exceed ten to one; however, in a case where injury is difficult to quantify a disparity in the ratio can be larger to satisfy the injury *Weidler v Big J Enterprises, Inc., 124 N.M.591 (1997)*.  Punitive Damages are designed to punish the driver for her conduct and to deter others from similar conduct.  We believe the punitive damages Jesse is entitled to receive in this case to be significant.

*If you are denying coverage for punitive damages in this matter pursuant to the insurance policy, then please state this in writing and we will review the assets of your insured.*

04 01 15

### VI.    CONCLUSION

Given the above and full consideration of all losses incurred, Jesse asks that you tender an offer of policy limits to resolve his underinsured motorist bodily injury and lost wages claims. While Jesse has not authorized my office to accept an offer of policy limits, he is willing to entertain such an offer.

We would appreciate your review of the enclosed material and that you contact us at your earliest convenience to discuss settling this case without the necessity of litigation, additional costs, and attorneys' fees. Thank you for your attention to this matter.

Very truly yours,

WHITENER LAW FIRM, P.A.

Matthew J. O'Neill, Esq.

MJO/rr
Enclosure

04 21 15

 

# Whitener
## LAW FIRM, P.A.

Russell K. Whitener (1948-2013)

Thomas M. Allison | Matthew J O'Neill

Richard W Sutten | Daniel P. Buttram | Nicholas J. Rimmer

April 16, 2015

GEICO Insurance
**Attn: Charles Johnson**
P.O. Box 509105
San Diego, CA  92150-9930

| | RE: | My Client: | **Tisha Garcia, on behalf Barbara Garcia, a minor** |
|---|---|---|---|
| | | Date of Loss: | **December 17, 2013** |
| | | Claim No: | **021900862-0101-055** |
| | | Your insured: | **Tisha Garcia** |

Dear Mr. Johnson:

Enclosed please find a settlement package that addresses the liability, physical injuries, and damages in the above-referenced matter.  This material is being submitted for settlement discussion purposes only regarding the underinsured motorist bodily injury claim of Barbara Garcia (hereinafter "Barbara") and may not be used for any other purpose. P

## I.  LIABILITY

This is a clear case of liability against the underinsured motorist Sylvia Henrard (hereinafter "Henrard").  The collision occurred on December 7, 2013 at the intersection of Louisiana Boulevard and Menaul Boulevard in Albuquerque, New Mexico.  Barbara was a restrained passenger in the vehicle driven by her mother, Tisha Garcia (hereinafter "Tisha"), who was traveling northbound on Louisiana Boulevard.  Tisha was the first car in line stopped for the red light at the intersection, when Henrard, who was also traveling northbound on Louisiana Boulevard, failed to stop for the traffic in front of her colliding into the rear of the vehicle in front of her.  The impact of the collision caused the vehicle in front of Henrard to strike into Tisha's vehicle.  Henrard immediately admitted to the police officer on scene that she had consumed two alcoholic beverages.  The contributing factors to this collision were Henrard's failure to avoid contact with the other vehicles, failure to yield the right of way, and driving under the influence of alcohol.  Henrard was arrested and booked for Driving While Intoxicated.  An Albuquerque Police Department Uniform Crash Report has been enclosed for your review.

## II.    INJURIES AND TREATMENT

On December 12, 2013, Tisha presented Barbara to Dr. Chelsea Kirby with complaints of neck pain.  Examination revealed tenderness to the right side of her neck.  Barbara was diagnosed with musculoskeletal neck pain and upper back pain.  Tisha was instructed to apply ice packs and heat to Barbara's neck and upper back.  Tisha was advised that Barbara may take Tylenol or Motrin as needed for pain management and to return Barbara to the clinic if her symptoms worsened or failed to improve.

4110 Cutler Ave. NE        |        Albuquerque, NM 87110        |        505.242.3333, Fax 505 242 3322        |        WhitenerLawFirm.com

04 21 15

Tisha returned Barbara to Dr. Kirby on February 19, 2014 with complaints of right shoulder and cervical neck pain. Examination revealed tenderness in her neck, cervical spine, and thoracic spine. Radiographs of Barbara's cervical and thoracic spine were completed. Barbara was given a referral to physical therapy.

Pursuant to Dr. Kirby's referral, Tisha presented Barbara to Presbyterian Espanola Hospital Physical Therapy on February 27, 2014 for an evaluation and treatment of her neck pain. Tisha advised that Barbara's neck pain radiated into her right scapula and that Barbara had pain with head and neck movements. Examination revealed decreased cervical range of motion. Barbara's treatment was scheduled for two times a week for four weeks. Barbara's treatment consisted of myofascial release and therapeutic exercises. Barbara attended six physical therapy sessions and she was discharged from care on March 27, 2014.

### III.    MEDICAL EXPENSES / DAMAGES

As a result of injuries arising out of the accident, Tisha, on behalf of Barbara, has incurred conservative medical expenses in the amount of Three Thousand Ninety Eighty Dollars and 00/100 ($3,098). A medical summary, as well as all medical bills, notes, and narrative reports are enclosed.

### IV.    PUNITIVE DAMAGES

As stated previously, Henrard was charged and arrested for driving while intoxicated. It is black-letter law in New Mexico that driving while intoxicated is a sufficient basis for imposing punitive damages see *Sanchez v. Wiley, 124 N.M. 47 (Ct. App. 1997)*. A jury in Bernalillo County will be particularly outraged by Henrard's behavior given our state's continuing problems related to drunk drivers.

Punitive damages are often calculated in multiples of the base damages. Here, Henrard's conduct was particularly egregious. The legal limit for a presumption of impairment is .08. However, Henrard was at a .23 at the time of the crash. Since he was 3x the legal limits for, the multipliers of the compensatory damages for driving under the influence of alcohol or drugs should be a factor of 3 and therefore a 3x multiplier.

New Mexico's Supreme Court also guides us in calculating punitive damages. In economic injury cases, if damages are significant and injury is not hard to detect, the ratio of punitive damages to harm generally should not exceed ten to one; however, in a case where injury is difficult to quantify a disparity in the ratio can be larger to satisfy the injury *Weidler v Big J Enterprises, Inc., 124 N M.591 (1997)*. Punitive Damages are designed to punish the driver for her conduct and to deter others from similar conduct. We believe the punitive damages Tisha is entitled to receive in this case to be significant.

04 21 15

## V.    CONCLUSION

Given the above and full consideration of all losses incurred, Tisha, on behalf of Barbara, asks that you tender an offer of policy limits to resolve her underinsured motorist bodily injury claim. While Tisha, on behalf of Barbara, has not authorized my office to accept an offer of policy limits, she is willing to entertain such an offer.

We would appreciate your review of the enclosed material and that you contact us at your earliest convenience to discuss settling this case without the necessity of litigation, additional costs, and attorneys' fees.  Thank you for your attention to this matter.

Very truly yours,

WHITENER LAW FIRM, P.A.

Matthew J. O'Neill, Esq.

MJO/rr
Enclosure

STATE OF NEW MEXICO
COUNTY OF RIO ARRIBA
FIRST JUDICIAL DISTRICT

JESSE H. GARCIA, TISHA GARCIA, individually
and as parents and next friends of BARBARA GARCIA,
a minor,

        Plaintiffs,

v.                              Case No. D-117-CV-2016-00030

GEICO GENERAL INSURANCE COMPANY,
A foreign corporation doing business in the
State of New Mexico,

        Defendant.

## NOTICE OF FILING OF REMOVAL

PLEASE TAKE NOTICE that Defendant GEICO General Insurance Company, by

and through its counsel of record, Chapman and Charlebois, P.C., (Donna L. Chapman

and Mark D. Trujillo), has filed a Notice of Removal in the United States District Court

for the District of New Mexico.   A true and correct copy of the Notice of Removal,

attached to this Notice as Exhibit "1" was emailed to:



EXHIBIT
E

Matthew O'Neill
Whitener Law Firm
4110 Cutler Ave. NE
Albuquerque, NM 87102
505-242-3333
mateo@whitenerlawfirm.com
*Attorney for Plaintiff*

Respectfully submitted,

**CHAPMAN AND CHARLEBOIS, P.C.**

Donna L. Chapman
Mark D. Trujillo
P.O. Box 92438
Albuquerque, NM 87199
505-242-6000
donna@cclawnm.com
mark@cclawnm.com
*Attorneys for Defendant GEICO*

I HEREBY CERTIFY the foregoing was served
on the following counsel of record via the
Odyssey file & Serve system and on this
10th day of March, 2016:

Matthew O'Neill
Whitener Law Firm
4110 Cutler Ave. NE
Albuquerque, NM 87102
505-242-3333
mateo@whitenerlawfirm.com
*Attorney for Plaintiff*

Mark D. Trujillo

2

STATE OF NEW MEXICO
COUNTY OF RIO ARRIBA
FIRST JUDICIAL DISTRICT

JESSE H. GARCIA, TISHA GARCIA, individually
and as parents and next friends of BARBARA GARCIA,
a minor,

      Plaintiffs,

v.                            Case No. D-117-CV-2016-00030

GEICO GENERAL INSURANCE COMPANY,
A foreign corporation doing business in the
State of New Mexico,

      Defendant.

## ENTRY OF APPEARANCE

    Chapman and Charlebois, P.C. (Donna L. Chapman and Mark D. Trujillo), hereby

enter their appearance on behalf of Defendant GEICO General Insurance Company.

Copies of all documents pertaining to litigation in this matter should be sent to the

undersigned attorneys.

                Respectfully submitted,

                **CHAPMAN AND CHARLEBOIS, P.C.**

                Donna L. Chapman
                Mark D. Trujillo
                PO Box 92438
                Albuquerque, NM  87199
                505-242-6000
                donna@cclawnm.com
                mark@cclawnm.com
                *Attorneys for GEICO*



EXHIBIT

F

I hereby certify the foregoing was served
on the following counsel of record via the
Odyssey File & Serve system on this 10th
day of March, 2016:


Matthew O'Neill
Whitener Law Firm
4110 Cutler Ave. NE
Albuquerque, NM 87102
505-242-3333
mateo@whitenerlawfirm.com
*Attorney for Plaintiff*

Mark D. Trujillo

2

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JESSE H. GARCIA, TISHA GARCIA, individually and as parents and next friends of BARBARA GARCIA, a minor,

**DEFENDANTS**
GEICO GENERAL INSURANCE COMPANY, a foreign corporation Doing business in the State of New Mexico

**(b)** County of Residence of First Listed Plaintiff   RIO ARRIBA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   MARYLAND
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
MATTHEW J. O'NEIL
WHITENER LAW FIRM , 4110 CUTLER AVE NE
ALBUQUERQUE, NM 87110 (505) 242-3333

Attorneys *(If Known)*
DONNA L. CHAPMAN/MARK D. TRUJILLO
CHAPMAN AND CHARLEBOIS, P.C., 4100 OSUNA NE, STE 2-203
ALBUQUERQUE, NM 87109 (505) 242-6000

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

EXHIBIT
tabbies®
6

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sec. 1332, 1441, 1441(b), 1446 and 1446(b)(2)(A)
Brief description of cause:
Personal Injury, UM/UIM

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   3/10/16
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____